IN THE UNITED STATES DISRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTSERN DIVISION

JAMES and TERRI BURCH,
Husband and Wife                                              PLAINTIFFS/COUNTER-DEFENDANTS

v.                              Case No. 4:15-cv-00036-KGB

HSBC BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS
OF ACE SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2006-NC3 ASSET BACKED
PASS-THROUGH CERTIFICATES, and
SELECT PORTFOLIO SERVICING                    DEFENDANTS/COUNTER-PLAINITFFS

**OPINION AND ORDER**

Plaintiffs James and Terri Burch bring this action against defendants HSBC Bank, National Association, as Trustee for the Certificate Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3 Asset Backed Pass-Through Certificates ("HSBC Bank"), and Select Portfolio Servicing, Inc. ("SPS") and seek a declaratory judgment that the statute of limitations bars defendants from foreclosing on the Burches' property (Dkt. No. 2).  The Burches also state a claim for promissory estoppel.  Defendants have counterclaimed for judicial foreclosure and a declaratory judgment that the statute of frauds does not bar foreclosure (Dkt. No. 4).

Before the Court is defendants' motion for summary judgment (Dkt. No. 15).  The Burches have responded (Dkt. No. 20), and defendants have replied (Dkt. No. 21).  As an initial matter, the Burches' response to defendants' motion for summary judgment is not in compliance with the Local Rules of this Court.  Pursuant to Local Rule 56.1(b), a party opposing a summary judgment motion "shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried."  The

Burches filed a single, combined response. Despite the Burches' failure to comply with Local Rule 56.1, the Court will consider the Burches' response.

For the reasons that follow, the Court grants defendants' motion for summary judgment (Dkt. No. 15).

I.      **Factual Background**

The following facts are taken from defendants' Local Rule 56.1 statement of facts (Dkt. No. 17), unless otherwise noted by specific citation. The Burches concede the majority of the facts asserted by defendants.

On or about August 4, 2006, Ms. Burch executed a promissory note ("the Note") in the original principal amount of $147,800.00 payable to the Bank of England Mortgage Company d/b/a England Lending ("Bank of England") as lender on a mortgage loan secured by real property located at 2000 Osage Drive, North Little Rock, Arkansas 72116 (the "Property"). Concurrently with the execution of the Note, the Burches executed a Mortgage Security Instrument (the "Mortgage," and together with the Note, the "Loan Agreement") granting the Bank of England and its successors and assigns a lien on the Property to secure payment of the Note. The Mortgage was recorded in Pulaski County, Arkansas, as instrument number 2006063133.

The Note and Mortgage were subsequently assigned to New Century Mortgage Corporation. Defendant HSBC Bank is the current holder and owner of the Note and Mortgage, as evidenced by a written Assignment of Mortgage, recorded in Pulaski County as instrument number 2011062203, and an indorsement in blank on the Note. Defendant SPS services the Burches' loan on behalf of HSBC Bank.

Under the terms of the Loan Agreement, Ms. Burch was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. The Loan Agreement further provides that, should Ms. Burch fail to make payments on the Note as they become due and payable or fail to comply with any or all of the covenants and conditions of the deed of trust, then defendants may enforce the deed of trust by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

The Burches admit default on payments required under the Loan Agreement. According to defendants, the Burches have not made a payment on the Loan Agreement in more than five years, and the Loan Agreement is due for July 2009 and all subsequent monthly payments. The Burches contend that they first became in arrears in December 2008 and submit in support an affidavit from Ms. Burch (Dkt. No. 20, ¶ 2; Dkt. No. 20-1).

On November 16, 2012, defendants mailed to Ms. Burch, as the sole borrower on the Note, a Notice of Default and Right to Cure ("Notice of Default"), which was sent to her at the Property address. Notice of Acceleration was mailed to both Ms. Burch and Mr. Burch on or about February 5, 2014, at the Property address.

Defendants executed their Mortgagee's Notice of Default and Intention to Sell ("Notice to Sell") on or about September 11, 2014, which was recorded in Pulaski County as instrument number 2014052966. The Notice to Sell was mailed to both Ms. Burch and Mr. Burch on or about February 5, 2014, at the Property address. On or about October 30, 2014, defendants executed their Amended Mortgagee's Notice of Default and Intention to Sell ("Amended Notice to Sell") on or about October 30, 2014, and mailed *via* certified mail the Amended Notice to Sell to the Burches at the Property address. Defendants executed their Second Amended Mortgagee's

Notice of Default and Intention to Sell ("Second Amended Notice to Sell") on or about December 18, 2014.

At least $259,508.02 was due on the loan as of February 5, 2015. The Burches filed this suit in Pulaski County, Arkansas, on December 15, 2014, in an attempt to delay the foreclosure on the Property.

According to the Burches and Ms. Burch's affidavit, the Burches first became in arrears on or around December 2008, and in the spring of 2009, the Burches received communication from lenders stating that the loan in question was in default and that the entire amount was past due. Defendants object to the Court's consideration of portions of Ms. Burch's affidavit. The Burches also contend that SPS, as the servicer of the Burches' loan on behalf of HSBC Bank, released the lien on the Burches' property, citing in support a February 24, 2015, letter from SPS referencing account number 001395283 (Dkt. No. 20-2).

## II.     Summary Judgment Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The

initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.     Evidentiary Objections

Defendants raise several objections to Ms. Burch's affidavit submitted in support of the Burches' response to defendants' motion for summary judgment (Dkt. No. 20-1). In paragraph 3 of her affidavit, Ms. Burch contends she began receiving sometime early in 2009 foreclosure notices from her lender, including a notice that her entire mortgage was due in full. Defendants object that Ms. Burch's affidavit makes bald assertions without attaching any documentary evidence. As discussed in more detail below, the Court agrees with defendants that Ms. Burch may not create a genuine issue of material fact with regard to written documents based solely on allegations in her affidavit, when no documents are attached. "When written documents are relied on, they must be exhibited in full. The statement of the substance of written instruments or of affiant's interpretation of them . . . are not sufficient." *N. Dakota State Univ. v. United States*, 255 F.3d 599, 607 (8th Cir. 2001) (quoting *Sprague v. Vogt,* 150 F.2d 795, 800 (8th Cir. 1945)).

In paragraph 6 of her affidavit, Ms. Burch claims that her lender told her that, since she was in arrears and based on her income, she would qualify for loan modification. Defendants object, arguing that this paragraph is barred by the statute of frauds, Arkansas Code Annotated §

4-59-101(a). In this Court's view, this objection is more appropriately addressed as a legal argument; the Court will consider it and analyze it along with the merits of the motion.

In paragraph 7 of her affidavit, Ms. Burch claims that, when she was told she would qualify for a loan modification, she disposed of the previous communications regarding foreclosure from her lender. Defendants object to paragraph 7 on the same grounds as they object to paragraph 1. Defendants also object to paragraph 7 based on the statute of frauds. For the reasons explained, the Court agrees that Ms. Burch may not create a genuine issue of fact by merely citing or summarizing what she contends regarding documents that are not attached to her affidavit or submitted in the record, and the Court determines that defendants' statute of frauds objection is more appropriately addressed by the Court as a legal argument.

In paragraph 11 of her affidavit, Ms. Burch claims that, after March 2010, she "again entered the modification process only to be notified that [she] was not approved several years later." (Dkt. No. 20-1). As with paragraphs 1 and 7, defendants object that this paragraph of her affidavit is a bald assertion and that Ms. Burch fails to submit the referenced documents. To the extent paragraph 11 references written documents, the Court reaches the same conclusion as to paragraph 11 that the Court reaches with regard to paragraphs 1 and 7 of her affidavit.

**IV.     Analysis**

The Burches seek a declaratory judgment that the statute of limitations bars defendants from foreclosing on the Burches' property and also state a claim for promissory estoppel. Defendants have counterclaimed for judicial foreclosure and a declaratory judgment that the statute of frauds does not bar foreclosure. Defendants now move for summary judgment, asserting that they are entitled to an order of foreclosure on their counterclaim.

### A. Statute Of Limitations

Mr. and Mrs. Burch admit that they have not made a mortgage payment in over five years but contend in their pleadings that defendants' foreclosure is barred by the statute of limitations. The parties agree that the statute of limitations for this cause of action is five years. *See* Ark. Code Ann. § 16-56-111 ("Actions to enforce written obligations . . . shall be commenced within five (5) years after the cause of action shall accrue."). However, the parties disagree as to when the claim accrued. Mr. and Mrs. Burch argue that the claim accrued when they defaulted (Dkt. No. 2, ¶ 15). As the foreclosure action was commenced more than five years after they defaulted, Mr. and Mrs. Burch contend that it is barred by the statute of limitations. HSBC Bank and SPS argue that the mortgage contract contained an optional acceleration clause, meaning that the cause of action did not accrue until after they exercised the acceleration option (Dkt. No. 16, at 5). As the note was accelerated less than five years before they attempted to foreclose on the property, HSBC Banks and SPS contend that the foreclosure is not barred by the statute of limitations.

Mr. and Mrs. Burch fail to cite any authority supporting their claim that the statute of limitations accrued when they initially defaulted on their mortgage. The Court notes that "[i]n routine contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action." *Zufari v. Architecture Plus*, 914 S.W.2d 756, 761 (Ark. 1996). "The test for determining when a breach of contract action accrues is the point when the plaintiff could have first maintained the action to a successful conclusion." *Id.* Accordingly, defaulting on a mortgage payment could trigger the running of the statute of limitations, as in situations where "performance of a duty under a contract is contemplated, any non-performance of that duty is a breach." *Id.*

However, HSBC Bank and SPS contend, and the Court agrees, that the cause of action in this case did not accrue until the Note was first accelerated in February of 2014. There is no dispute that the mortgage being foreclosed upon contains an optional acceleration clause, which provides that: "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument . . . ." (Dkt. No. 16-1, at 25). Under Arkansas law, if a mortgage contains an optional acceleration clause, "the statute of limitation does not begin to run until the mortgagee has declared the forfeiture." *Hodges v. Dilatush*, 136 S.W.2d 1018, 1020 (Ark. 1940); *see also United-Bilt Homes, Inc. v. Sampson*, 864 S.W.2d 861, 862 (Ark. 1993) ("We also observe that a cause of action on an entire debt owed under an installment sales contract with an optional acceleration clause does not arise until the option is exercised."). Therefore, the Court finds that the statute of limitations accrued when the defendants first exercised their rights under the optional acceleration clause, not when Mr. and Mrs. Burch initially defaulted.

This finding alone does not completely resolve the statute of limitations issue, as Mr. and Mrs. Burch dispute when defendants first accelerated the debt. HSBC Bank and SPS submitted competent documentary evidence that the Burches' debt was first accelerated in February 2014 (Dkt. No. 16-1, at 54-62). Relying solely on Ms. Burch's affidavit, the Burches contend that they began receiving in the spring of 2009 communications that the loan in question was in default and that the entire amount was due in full. Defendants object to this assertion in Ms. Burch's affidavit; the Court sustains the objection. Because Ms. Burch does not submit any documentary evidence with her affidavit and instead offers only bald assertions regarding the existence and substance of these alleged communications, the assertions in her affidavit on this point are not sufficient to create an issue of fact as to when the Burches first received notice of

acceleration. *See N. Dakota State Univ.*, 255 F.3d at 607; *Sprague*, 150 F.2d at 800. The Court finds that there is no genuine dispute that the debt was first accelerated, and the five-year statute of limitations accrued, in February of 2104. As the foreclosure action was brought within the five-year limitations period, the Court concludes that HSBC Bank is entitled to summary judgment that its counterclaim for judicial foreclosure is timely under Arkansas Code Annotated § 16-56-111(a). The Court grants HSBC Bank's motion for summary judgment on the issue of the statute of limitations and dismisses with prejudice the Burches' claim for declaratory judgment contending that the statute of limitations bars foreclosure in this case.

### B.    Promissory Estoppel

HSBC Bank and SPS also move for summary judgment on Mr. and Mrs. Burch's promissory estoppel claim. Mr. and Ms. Burch claim that, after they became delinquent on their mortgage payments, they entered into negotiations with the lender to modify their mortgage (Dkt. No. 2, at 2). They allege that they received assurances that there would be no foreclosure proceedings until a decision regarding modification was made, that they did not make subsequent mortgage payments in reliance on these assurances, and that this reliance was to their detriment. Based on these allegations, they argue that HSBC and SPS should be estopped from foreclosing on the property (Dkt. No. 2, at 3-4).

HSBC and SPS claim, and the Burches do not dispute, that the parties entered into an enforceable loan agreement, which provides that:

> [S]hould Plaintiff Terri L. Burch fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then Defendants may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in.

(Dkt. No. 17, ¶ 9). Defendants move for summary judgment that the promissory estoppel claim is barred by operation of the Loan Agreement.

There is no genuine dispute that there was a formal, written contract between the parties. The existence of this contract bars Mr. and Mrs. Burch's promissory estoppel claim because promissory estoppel only "applies when the elements of a contract cannot be shown." *Skallerup v. City of Hot Springs*, 309 S.W.3d 196, 201 (Ark. 2009); *see also Mickens v. Corr. Med. Servs., Inc.*, 395 F. Supp. 2d 748, 753 (E.D. Ark. 2005) (noting that under Arkansas law, "promissory estoppel is an alternative theory which is not available when an actual contract exists"). Promissory estoppel "is not to be used as a vehicle to engraft a promise on a contract that differs from the written terms of the contract." *Wilcox v. Wooley*, 454 S.W.3d 792, 798 (Ark. App. 2015) (quotation omitted). As there is no genuine dispute that there was a formal, written contract between the parties that included conditions regarding the defendants' right to foreclose on the property, the Court grants defendants' motion for summary judgment as to Mr. and Mrs. Burch's promissory estoppel claim.

      **C.**    **Injunctive Relief**

In addition to seeking declaratory judgment, the Burches sought in their pleadings an emergency *ex parte* temporary restraining order barring foreclosure. Prior to removal, the Circuit Court of Pulaski County, Arkansas, entered an order granting the Burches' request for an emergency *ex parte* preliminary injunction. After removal, the parties filed a joint stipulation regarding the continuing effect of the state court order pending the resolution of dispositive motions (Dkt. No. 13).

Defendants now move for summary judgment and argue that the Burches are not entitled to injunctive relief because their claims fail on the merits. The Court agrees. The Court, with

this Order, rules on the pending dispositive motions and vacates the injunction entered by the Pulaski County Circuit Court. For the reasons set forth in this Order, foreclosure may proceed.

### D. Defendants' Counterclaim For Foreclosure

The elements of a breach of contract action are the existence of an agreement, breach of the agreement, and resulting damages. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 33 S.W.3d 128, 133-34 (Ark. 2000). The Burches do not dispute the existence of the written Loan Agreement or that they have breached the agreement by failing to make payments since July 2009, with the July 2009 and all subsequent monthly payments due and owing.

As a prerequisite for foreclosure sale, the trustee or mortgagee must file in the county records a notice of default and intention to sell, and the notice must be mailed within 30 days of recording by certified mail and first-class mail to the last address known to the mortgagee of the mortgagor, grantor, and obligor of the deed. *See* Ark. Code Ann. § 18-50-104(a), (c). "The person conducting the sale may postpone the sale from time to time." Ark. Code Ann. § 18-50-107(c)(1). If the sale is postponed for longer than 30 days, notice of postponement must be given pursuant to Arkansas Code Annotated § 18-50-104. Ark. Code Ann. § 18-50-107(c)(2)(B).

Defendants contend that the statutory prerequisites for a foreclosure sale were met. The Burches do not argue otherwise. The Burches also do not dispute that their mortgage provides that defendants may foreclosure on the Property in the event of default. For the reasons explained, the Court rejects the Burches' arguments regarding the statute of limitations and promissory estoppel. The Burches also argue that defendants released the lien. The Court rejects this argument.

The Burches contend that SPS, as the servicer of the Burches' loan on behalf of HSBC Bank, released the lien on the Burches' property. The Burches cite in support a February 24, 2015, letter from SPS referencing account number 001395283 (Dkt. No. 20-2). Specifically, the Burches state:

> Separate Defendant/Counter-Plaintiff, SPS, as agent for Defendant/Counter-Plaintiffs have released the lean [sic] on the Plaintiff/Counter-Defendants' property and thus said property is no longer enforceable as a matter of law. **(See Exhibit B SPS's Letter to Plaintiff/Counter-Defendant releasing lien.)**

Dkt. No. 20, ¶ 6. The Burches cite no law in support of this argument. In fact, the Burches cite no law in their response to the motion for summary judgment, aside from Federal Rule of Civil Procedure 56(a).

The language of the February 24, 2015, letter is as follows:

> **Account Number:** 001395283
> **Property Address:** 2000 Osage Drive
> North Little Rock, AR 72116
>
> [SPS], the mortgagor servicer on the above referenced account, is providing this letter to serve notice that the decision has been made to release the lien established by the above reference mortgage or deed of trust and cancel any obligation owed on the note. If a foreclosure action was previously initiated on the property, the action will be cancelled/dismissed.
>
> You have the right to occupy the property until a sale or other title transfer action occurs. You are obligated to pay all applicable taxes and insurance premiums, and it is your responsibility to maintain the property.
>
> The note holder has released any claim or lien on the property and claims no further interest in the property. We wish to make it clear that any issues regarding this property, including but not limited to, property code violations, notices, property taxes, or insurance, are not the responsibility of the previous note holder or SPS. No further correspondence will be initiated from our office. . . .

(Dkt. No. 20-2).

According to defendants, this release pertained to a second, inferior loan that is unrelated to the mortgage at issue. Here, the Loan Agreement defendants seek to enforce references loan

number 0013935291 (*See* Dkt. No. 16-1, Exs. A-6, A-7). The Court rejects the Burches' argument on this issue.

As a preliminary matter, the Court finds that this letter is not enforceable because it lacks consideration. "The essential elements of a contract are (1) competent parties, (2) subject 566 matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation." *City of Dardanelle v. City of Russellville*, 277 S.W.3d 562, 565-66 (Ark. 2008). "Consideration is any benefit conferred or agreed to be conferred upon a promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by a promisee other than that in which she is lawfully bound to suffer." *Capel v. Allstate Ins. Co.*, 77 S.W.3d 533, 541 (Ark. App. 2002). Releasing a party from their contractual obligations is a contract requiring consideration. *Green v. Owens*, 495 S.W.2d 166, 169 (Ark. 1973). Modifying a contract by a subsequent agreement "must be supported by consideration other than the consideration involved in the existing agreement," and "[w]here there is no new consideration . . . the new agreement is void and of no effect . . . ." *Worden v. Crow*, 427 S.W.3d 143, 147-48 (Ark. App. 2013).

Mr. and Mrs. Burch argue that SPS's letter acts as a release of defendants' lien on the property. However, Mr. and Mrs. Burch fail to identify through record evidence any consideration for the defendants' purported release of the lien. In fact, Mrs. Burch does not address the letter from SPS, or the alleged release of the lien, in her affidavit (Dkt. No. 20-1). Therefore, the letter is not enforceable as a contract, a release, or a modification of a contract for lack of consideration.

Even if the letter was supported by consideration, the Court finds that the letter did not release defendants' lien on the property. In Arkansas, when contracting parties express their intention in a written instrument in clear and unambiguous language, the written agreement is

enforced according to the plain meaning of the language employed. *See C. & A. Constr. Co. v. Benning Constr. Co.*, 509 S.W.2d 302, 303 (1974). Determining whether an agreement is clear or ambiguous is an issue of law. *Id.* An ambiguity exists if "a provision is susceptible to more than one reasonable interpretation." *State Farm Fire & Cas. Co. v. Midgett*, 892 S.W.2d 469, 471 (1995); *see also Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.,* 962 S.W.2d 735, 740 (1998).

In Arkansas, if an ambiguity exists, then the true intention of the parties must be determined, which is the primary rule for construction of agreements. *See Harris v. Stephens Prod. Co.*, 832 S.W.2d 837, 839 (1992). The intention of the parties may be determined by considering the situation of the parties when this letter was sent. *See Asimos v. T.L. Reynolds & Sons, Inc.*, 429 S.W.2d 103, 107 (1968).

This action was initiated by the Burches in the Circuit Court of Pulaski County, Arkansas, on December 14, 2014 (Dkt. No. 2). It was removed to this Court on January 15, 2015 (Dkt. No. 1). The parties were engaged in litigating this case, and specifically the preliminary injunction, during February 2015, reaching a joint stipulation on the issue February 24, 2015 (Dkt. No. 13). This letter claimed by the Burches as a release of lien was sent by SPS, a party to this action, on February 24, 2015 (Dkt. No. 20-2), and defendants filed their motion for summary judgment in the current action March 16, 2015, seeking foreclosure on the Property based on the Loan Agreement (Dkt. No. 15). The Burches do not claim, nor in this Court's view could they reasonably claim, that they relied to their detriment on the February 24, 2015, letter; they were represented by counsel and actively engaged in litigating this case and specifically the foreclosure issue at the time.

The February 24, 2015, letter references another account, not the Loan Agreement at issue. Even if this Court concludes that the February 24, 2015, letter contains an ambiguity, as the Burches seem to suggest, this Court concludes there is uncontroverted record evidence that enables the Court to determine what the parties intended to express by this letter, and it was not a waiver of the Loan Agreement defendants seek to enforce regarding loan number 0013935291.

### IV. Conclusion

For these reasons, the Court grants defendants' motion for summary judgment (Dkt. No. 15). Mr. and Mrs. Burch's claims are dismissed with prejudice. The HSBC Banks and SPS's counterclaim for judicial foreclosure on the property commonly known as 2000 Osage Drive, North Little Rock, Arkansas 72116 is granted. To the extent necessary, the stipulated preliminary injunction is dissolved (Dkt. No. 13). To the extent defendants seek fees and costs associated with this action, defendants may file a separate motion properly supported seeking such relief, and the Court will rule on the merits of that motion when it is ripe.

So ordered this the 31st day of March, 2016.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge